## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JAMON DEMETRIUS JACKSON, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| GREGORY MCLAUGHLIN, Macon | : | CIVIL ACTION NO. |
| State Prison, | : | 1:16-CV-2692-TWT-JFK |
| Respondent. | : | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Petitioner, Jamon Demetrius Jackson, challenges via 28 U.S.C. § 2254 the constitutionality of his 2008 Fulton County convictions. The matter is before the Court on (1) the amended Petition [5]; (2) Petitioner's motions for transfer [15] and for a release order [16]; (3) Respondent's answer-response [21] and motion to dismiss as untimely and/or for lack of exhaustion [22], and (4) Petitioner's motion to deny continuance [25], motion for a three-judge court [26], response in opposition to the motion to dismiss [27], motion to deny the motion to dismiss [28], brief in support of petition and exhibits [29, 30], and petition for a writ of mandamus [31]. For the reasons stated below, it is recommended that Respondent's motion to dismiss be granted, that the petition be dismissed as untimely, that a certificate of appealability

be denied, and that the petition for mandamus be denied. Petitioner's remaining motions shall be denied as moot.

## I. Discussion

In 2005, Petitioner shot his girlfriend Ashley Cierra White in the face and then burned her body inside her vehicle to conceal her death. See Jackson v. State, 292 Ga. 685, 685, 740 S.E.2d 609, 610 (2013). In March 2008, in Fulton County criminal action 05SC36485, a jury heard the evidence and found Petitioner guilty of malice murder, felony murder, arson in the first degree, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, concealing the death of another, and tampering with the evidence. (See Resp't Ex. 4, ECF No. 23-4). "On March 21, 2008, the trial court sentenced appellant to life in prison for malice murder, ten years to be served consecutively for arson in the first degree, five years to be served concurrently (with the count of arson in the first degree) for possession of a firearm during the commission of a felony, and ten years each for concealing the death of another and for tampering with evidence to be served concurrent to each other but consecutively to the malice murder charge." See Jackson, 292 Ga. at 685 n.1, 740 S.E.2d at 610 n.1 ("The aggravated assault charge merged as a matter of fact into the malice murder charge and the felony murder charge was vacated as a matter of law.").

2

Petitioner sought a new trial, which was denied. See id. Petitioner appealed, and on March 25, 2013, the Georgia Supreme Court remanded for re-sentencing on the tampering conviction and otherwise affirmed the judgment against Petitioner. Id., 292 Ga. at 687, 691, 740 S.E.2d at 611, 613. In an amended sentence filed on April 23, 2013, Petitioner received a life sentence; a ten-year consecutive sentence; and five-year, ten-year, and twelve-month sentences to be served concurrently with the ten-year consecutive sentence. (See Resp't Ex. 4).[1]

On December 3, 2014, Petitioner filed a state habeas corpus petition (signed in November 2014) in the Superior Court of Macon County, civil action number 2014-CV-328. (Resp't Ex. 1, ECF No. 23-1). In an order filed on July 12, 2016, the Superior Court of Macon County denied relief. (Resp't Ex. 2, ECF No. 23-2). Petitioner has filed an application for further review in the Georgia Supreme Court, case number S17H0293. (Resp't Ex. 3, ECF No. 23-3); see also www.gasupreme.us/docket-search (follow "Search" Hyperlink, Georgia Supreme

---

[1] Thereafter, in his criminal case, Petitioner filed three motions, on August 21 and November 14, 2014, and on May 2, 2016. (See Resp't Ex. 4). There is no indication in the record what the motions pertained to, and they do not appear to have been resolved.

3

Court case number S17H0293) (last visited Dec. 20, 2016). That application remains pending.

Petitioner has filed a federal habeas corpus petition, dated May 10, 2016, and recast on June 15, 2016. (Mot. for Mandamus, ECF No. 1; Recast Compl., ECF No. 5). In response to the Court's show cause order, Respondent argues that the petition should be dismissed because Petitioner's state remedies are unexhausted and because the petition is untimely. (Resp't Br. at 3-9, ECF No. 22-1). Petitioner asserts that statutory tolling should apply to the time during which his state habeas petition remains pending. (Pet'r Resp. to Mot. to Dismiss at 2, ECF No. 27; Mot. to Deny Mot. to Dismiss, ECF No. 28). Petitioner also refers to inadequate library access and to an unspecified incident that occurred four days before he filed his state habeas corpus petition. (Pet'r Resp. to Mot. to Dismiss at 1).[2]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a one-year statute of limitations applies to a habeas corpus action attacking a state conviction. As stated at 28 U.S.C. § 2244:

---

[2]The unspecified incident, which occurred four days before the filing of Petitioner's state habeas petition, does not change the application of the limitations period, discussed below. In his response to the motion to dismiss, Petitioner otherwise does not raise an issue that warrants discussion in regard to the timeliness of his federal petition. (See Pet'r Resp. to Mot. to Dismiss).

4

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted), cert. denied, \_

U.S. _, 135 S. Ct. 1171 (2015). "The petitioner bears the burden of establishing that equitable tolling should apply." Rodriguez v. Sec'y, Fla. Dep't of Corr., 631 F. App'x 735, 737 (11th Cir. 2015). "A *lengthy* delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition*." San Martin v. McNeil, 633 F.3d 1257, 1269-70 (11th Cir. 2011) (emphasis in original) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002)) (internal quotation marks omitted).

Actual innocence also provides an equitable exception, though rare, to AEDPA's time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)).[3]

---

[3] Although Petitioner states that he is innocent, he presents nothing that meets the Schlup standard. (See generally Mot. Requesting Transfer, Attach. letter dated 7-20-14, ECF No. 15).

6

There being no suggestion in the record before the Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek further direct review of his re-sentencing, his convictions became final on May 23, 2013, upon expiration of the thirty-day time period for seeking appellate review of the April 23, 2013, re-sentencing. See O.C.G.A. § 5-6-38; Georgia Supreme Ct. Rule 11. Accordingly, the federal limitations period was set to expire on May 23, 2014.

Petitioner filed his state habeas corpus petition on December 3, 2014, after the federal limitations period expired in May 2014, and his state petition does not provide statutory tolling. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll."). The same is true for Petitioner's three motions filed in his criminal case after re-sentencing – the August 21 and November 14, 2014, and on May 2, 2016, motions, all filed after the May 23, 2014, expiration of the federal limitations.

Petitioner also is not entitled to equitable tolling. Petitioner's mention of an inadequate law library does not show a connection between the alleged inadequacy and his untimely filing. See Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1314 (11th

7

Cir. 2001) ("[T]he record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library."). Although there appears to have been some delay in Petitioner learning about the April 23, 2013, re-sentencing,[4] it nonetheless appears that Petitioner was aware of his April 2013 re-sentencing by at least November 2014.[5] Even if the delay in learning of his re-sentencing could be considered an extraordinary circumstance, Petitioner does not show that delayed knowledge (by November 2014) of the re-sentencing and untimely

---

[4] Attached to his motion requesting a transfer, Petitioner has submitted letters dated February 5 through August 4, 2014, which show that (during that period) he was uncertain about the status of his re-sentencing after the March 25, 2013, remand. (See Mot. Requesting Transfer, Attach. letters dated 7-20-14, 2-5-14, 4-14-14, 4-1-14, 8-4-14).

In a February 5, 2014, letter to Dell Jackson, his appellate counsel, Petitioner comments on the appellate results – "it seems as if you got me more time versus actually getting me out of prison." Petitioner then asks Jackson what he should do next and whether he should start pursuing a federal habeas petition. (Mot. for Transfer, Attach. letter dated 2-5-14). Petitioner's remaining letters dated 2014 are addressed to Jimmonique, from whom Petitioner sought advice; to Jake Arbes, a potential business partner; to "whom it may concern," requesting help on behalf of the Public Defender Office, and to "whom it may concern" in an attempt to contact Avis at an attorney's office. (Id., letters dated 7-20-14, 4-14-14, 4-1-14, 8-4-14).

[5] There is nothing in Petitioner's November 2014 state habeas corpus petition to indicate that by the time he filed his state petition he remained unsure whether he had been re-sentenced. (See Resp't Ex. 1 ¶¶ 10, 13). Further, the state habeas court's order does not indicate that Petitioner raised any issue on whether he had been re-sentenced. (Resp't Ex. 2).

8

filing of his federal petition were unavoidable even with reasonable diligence. It is apparent from copies of letters submitted by Petitioner that he knew of the March 23, 2013, remand by at least February 5, 2014. Within a month or two of February 5, 2014 – by at least April 5, 2014, Petitioner's April 25, 2013, re-sentencing could, with reasonable diligence, have been discovered by contacting the Fulton County Clerk of Court. See United States v. Carmichael, No. 1:03CR00012MPAK, 2008 WL 660319, at *3 (N.D. Fla. Mar. 7, 2008) ("Defendant could have discovered quite easily – certainly within a month after the time for appeal had expired – by either writing a letter or placing a phone call to the chambers of the sentencing judge or the Clerk of Court that counsel had not timely filed a notice of appeal."). Thus, Petitioner reasonably could have known of his April 23, *2013*, re-sentencing by at least April 5, *2014*, and reasonably could have known that his re-sentencing had become final on May 23, 2013, and that the federal limitations period would expire on May 23, 2014. Petitioner, however, does not show that he attempted to contact the Fulton County Clerk of Court. Further, Petitioner waited until December 2014 to file a state habeas corpus petition and made no attempt to file anything in federal court until May of 2016.

Petitioner's federal habeas corpus petition, filed in May 2016 and amended in July 2016, must be denied and dismissed as untimely by approximately two years.

9

Because the petition is untimely and, thus, provides no grounds for relief, the petition for a writ of mandamus requiring Petitioner's release must be denied.

## II.     Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), petition for cert. filed, No. 16-6498 (U.S. Oct. 17, 2016).

The undersigned recommends that a COA should be denied because untimeliness is not debatable based on the record before the Court.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

10

Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

## III. Conclusion

Based on the above,

**IT IS RECOMMENDED** that Respondent's motion to dismiss [22] be **GRANTED**, that the petition for a writ of habeas corpus, as recast [5], be **DENIED** and **DISMISSED** as untimely, that the petition for a writ of mandamus [31] be **DENIED**, and that a COA be **DENIED**.

**IT IS ORDERED** that Petitioner's motions for transfer [15], for a release order [16], to deny continuance [25], for a three-judge court [26], and to deny the motion to dismiss [28] be **DENIED** as moot.

The Clerk of Court is **FURTHER DIRECTED** to withdraw the referral to the undersigned Magistrate Judge.

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED**, **ORDERED**, **and DIRECTED**, this 28th day of December, 2016.

*[signature]*

JANET F. KING
UNITED STATES MAGISTRATE JUDGE